UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JERRY BOWMAN,

        Petitioner,

  -against-

J. WALSH, Superintendent,

        Respondent.
----------------------------------------X

NOT FOR PUBLICATION

BROOKLYN OFFICE

MEMORANDUM
AND ORDER

07 Civ 3586 (BMC)

**COGAN**, District Judge:

On June 16, 2007,[1] petitioner filed this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2001 conviction in New York Supreme Court, Kings County. By Order dated August 14, 2007, the petition was transferred to this Court from the United States District Court, Southern District of New York. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred.

## DISCUSSION

On April 24, 1996, Congress passed the AEDPA which established a one-year statute of

---

[1] Petitioner states that he placed the petition in the law library mailbox of Sullivan Correctional Facility on June 16, 2007. Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). The Pro Se Office of the United States District Court, Southern District of New York, received the instant petition on June 20, 2007.

1

limitations for the filing of a petition for a writ of *habeas corpus* by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Petitioner's instant application for habeas relief appears to be time-barred under the AEDPA. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final.[2] 28 U.S.C. § 2244(d)(1). If an appeal is filed, the judgment of conviction becomes final ninety days after the date the Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F. 3d 147, 150-51 (2d Cir.2001). If no direct appeal is filed, the judgment of conviction becomes final thirty days after he was sentenced, when the time

---

[2]Petitioner does not allege a basis for the application of 28 U.S.C. § 2244 (a)(1)(B),(C) or (D).

2

for filing a notice of appeal to the Appellate Division expired. Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir. 2002); N.Y. Crim. Pro. Law, § 460.10.

On January 18, 2001, petitioner pleaded guilty to murder in the second degree, arson in the first degree, arson in the second degree, and reckless endangerment in the first degree and was sentenced to fifteen years to life imprisonment. Petition ("Pet.") at 1. Petitioner does not state whether he appealed the action. Pet. at ¶ 9.

28 U.S.C. 2244(d)(2) provides for the one-year statute of limitation period to be tolled while state post-conviction motions are pending. A properly filed motion to vacate judgment under N.Y. Crim. Proc. Law. § 440.10 is a state remedy that justifies statutory tolling. See Pratt v. Greiner, 306 F.3d 1190, 1191 (2d Cir. 2002). A petitioner who brings a motion to vacate a judgment is entitled to statutory tolling while the proceedings are pending, i.e., "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). Petitioner states that he filed a post-conviction motion in Kings County Supreme Court on April 24, 2004, Pet. at ¶ 12(a)(5), over three years after his conviction. Petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

Furthermore, the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on

time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation.

## CONCLUSION

Petitioner is hereby directed to show cause by written affirmation, within thirty days from the date of this Order, why the statute of limitations should not bar the instant petition.[3] Day v. McDonough, 547 U.S. 198 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). Petitioner's affirmation shall include whether he filed an appeal in state court and, if he did file a direct appeal, the date on which he filed it in state court, the date of filing and result of any review of that appeal. Petitioner should also include any facts which would support the statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244(d). Should petitioner ask the Court to equitably toll the limitations period, he shall set forth facts that establish the basis for equitable tolling. No response shall be required at this time and all further proceedings shall be stayed for thirty days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any

---

[3] An affirmation form is attached to this Order for petitioner's convenience.

appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: Brooklyn, New York
August 28, 2007

S/ Signed by Judge Brian M. Cogan
U.S.D.J.

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JERRY BOWMAN,

               Petitioner,

  -against-                                          PETITIONER'S
                                                         AFFIRMATION
J. WALSH, Superintendent,                  07-CV-3586 (BMC)

               Respondent.
_____X

STATE OF _____ }
COUNTY OF _____ } SS:

    Jerry Bowman makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & Zip Code