FILED
NOT FOR PUBLICATION
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 25 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

JERRY BOWMAN,

            Petitioner,

-against-

J. WALSH, Superintendent,

           Respondent.
──────────────────────────────X

MEMORANDUM
AND ORDER
07-CV-3586 (BMC)

COGAN, United States District Judge:

    On June 16, 2007, petitioner, currently incarcerated at Sullivan County Correctional Facility, filed this *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. By Order dated August 28, 2007, petitioner was directed to show cause by affirmation within thirty days, why his petition should not be dismissed as time-barred. Petitioner's affirmation, received September 12, 2007, argues that his petition should not be dismissed as time-barred because (1) he cannot read and write; (2) his counsel was ineffective for failure to file a notice of appeal; and (3) he suffers from long-term mental illness. Petitioner's arguments are presently insufficient to warrant equitable tolling. However, the Court grants petitioner thirty (30) days from the date of this Order to file a supplemental affirmation.

    The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations during which petitioners must file their petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. On January 18, 2001, petitioner pled guilty to murder in the second degree, arson

1

in the first and second degree and reckless endangerment in the first degree, and was sentenced to fifteen years to life imprisonment. Petition at 1. Since petitioner did not appeal the decision (a lapse he attributes in his Affirmation to the ineffective assistance of his trial counsel), Affirmation at 1, direct review concluded thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired, or February 19, 2001. Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir. 2002). To fall within the one-year statute of limitations, the instant petition should have been filed on or before February 19, 2002. Petitioner filed his petition on June 16, 2007,[1] five years, three months and twenty-eight days after the one-year limitations period expired. Petition at 6-7. Thus, absent the requisite amount of tolling, his habeas application is barred as untimely.

A. Statutory Tolling pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. 2244(d)(2) provides for the one-year statute of limitations period to be tolled while state post-conviction motions are pending. According to the application, petitioner filed a post-conviction motion in Kings County Supreme Court on April 24, 2004, Petition at ¶ 12(a)(5), over three years after his conviction. Since 28 U.S.C. § 2244(d)(2)'s tolling provision applies only if petitioner's post-conviction motion was pending within the one-year limitations period, Smith v. McGinnis, 208 F.3d 13, 16-17 (2d Cir. 2000) (per curiam), petitioner's post-conviction motion did not toll the statute of limitations.

---

[1] As noted in the Court's previous Order, petitioner is the beneficiary of the "prison mailbox rule" because he placed the petition in the law library mailbox of Sullivan Correctional Facility on June 16, 2007. Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing).

B. Equitable Tolling

The limitations period may be equitably tolled if petitioner can demonstrate: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of filing a timely petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling is available if petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way) Equitable tolling is appropriate only where a "rare and exceptional circumstance" prevented the petitioner from filing his application on time. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal citations omitted).

1. Petitioner's status

Petitioner asserts that he should not be time-barred because he "cannot read or write and because he is indigent, he has had to depend on other inmates to provide legal assistance to him" and is ignorant of the law and rules of the Court. Affirmation at 1. The district courts have consistently held that these are not "extraordinary" circumstances which would allow for equitable tolling of the statute of limitations, since they apply to most inmates. See Worsham v. West, No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases"); Doyle v. Yelich, No. 05 CV 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) ("[a] petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling"); Ayala v. Fischer, No. 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov. 2, 2004) ("Ignorance of the law and an inability to read or write do not constitute extraordinary circumstances that would justify equitable tolling"); Williams v. Breslin, No. 03 Civ. 1848, 2004 WL 2368011, at *6

3

(S.D.N.Y. Oct. 20, 2004) (same); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (holding that ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling); Armand v. Strack, No. 98 CV 6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb.19, 1999) (lack of access to law clerks, illiteracy, lack of English fluency and ignorance of the law have all been considered and rejected by the courts as insufficient to demonstrate exceptional circumstances). "Furthermore, it is well-settled that neither a petitioner's purported 'unfamiliarity with the legal process nor his lack of representation during the applicable filing period merit[] equitable tolling.'" United States v. Williams, No. 05 Civ. 8165, 2006 WL 2034642, at *3 (S.D.N.Y. July 19, 2006) (quoting Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) and citing Smith v. McGinnis, 208 F.3d at 17).

2. Counsel failed to submit an appeal

Petitioner puts forth another argument related to his unfamiliarity with the legal process: not only did he not file an appeal, but his counsel was ineffective for failing to file an appeal. Petitioner does not state that he instructed counsel to appeal, only that counsel did not in fact appeal. This certainly does not qualify as an extraordinary circumstance. Not every petitioner appeals his conviction, especially where, as here, the petitioner pled guilty. Nor is an appeal a necessary prerequisite to filing a timely habeas petition. Moreover, a diligent person in petitioner's circumstances would have discovered that no appeal had been filed. See United States v. Williams, No. 99 CR. 154, 2007 WL 1701790, at *3 (D. Conn. June 8, 2007) (it was not reasonably diligent for a 28 U.S.C. § 2255 habeas petitioner to wait more than sixty months to argue that his counsel failed to file an appeal); Plowden v. Romine, 78 F. Supp. 2d 115, 119 (E.D.N.Y. 1999) (denying equitable tolling under § 2244(d)(1) because petitioner's seventeen

4

month delay in checking on status of state appeal demonstrated a lack of diligence).

3. Mental Illness

Illness--mental or physical--tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168-70 (S.D.N.Y. 2000) (discussing physical and mental illness and collecting cases). The Second Circuit has held that "whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case specific." Boos v. Runyon, 201 F.3d 178, 184 (2d Cir. 2000) (finding that mental illness is a ground for equitable tolling in Title VII action); see also Brown v. Parkchester South Condominiums, 287 F.3d 58 (2d Cir. 2002) (deciding that the issue of whether a mental disability warrants equitable tolling of a filing deadline in a Title VII action requires a highly case-specific inquiry). At a minimum, a petitioner has the burden of providing "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." Boos, 201 F.3d at 185.

Petitioner asserts that equitable tolling of the statute of limitations is appropriate because he has long suffered from mental illness as documented by his attachments of medical records from 1996 to June 1999. These records document that petitioner has been diagnosed with "schizophrenia, paranoid, chronic, schizoid personality, seizure disorder, cranial trauma," Affirmation, Attachment, "Treatment Plan" dated September 14, 1998, and prior to incarceration, underwent regular day treatment programs which included medication and meetings in an effort to manage his chronic mental illness. According to the records, after petitioner's wife died in

1991 from tuberculosis, he began hearing voices telling him to kill people and became prone to anger and violence. Affirmation, Attachment, Annual Psychiatric Evaluation dated November 22, 1996. The records also indicate that he believes the voice of his wife calls to him and asks him to join her in her grave, and two other voices "tell him that they used to sleep with [his wife]. He wants to kill them" Id. at ¶11(d). In addition, "he entertains much violent, assaultive ideation including burning down a garage." Id. at ¶ 12. Petitioner does not provide any information about his mental health or treatment since his incarceration, nor does he inform the Court of his present condition other than to say "he does indeed suffer Mental Illness." Affirmation at 1.

More importantly, petitioner has neither alleged nor provided any documentation that during the period of time from his conviction until his deadline for filing a timely habeas petition on February 19, 2002, he was so impaired that he was unable to pursue his rights. The fact that petitioner filed a post-conviction motion in 2004 indicates that he was, at least for a portion of the lengthy period he seeks to toll, capable of pursuing legal remedies. However, since the Court is unable to ascertain if petitioner was mentally incompetent in the sense that his circumstances prevented him from filing a timely petition *i.e.* "so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps," United States v. Williams, No. 05 Civ. 8165, 2006 WL 2034642, at *3 (S.D.N.Y. July 16, 2006) (internal quotations omitted), the Court grants petitioner thirty (30) days to file a supplemental affirmation. In so filing, petitioner is reminded that:

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the

6

extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Baldayaque v. United States, 338 F. 3d 145, 150 (2d Cir. 2003) (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)); see also Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Further, petitioner cannot rely solely on personal conclusions or assessments but must support his allegations with evidence. Petitioner must show that he was unable to pursue his legal rights during the entire period he seeks to toll. Should petitioner fail to file a supplemental affirmation as directed by this Order, the instant petition shall be dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1).

SO ORDERED.  /Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
September 21, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JERRY BOWMAN,

                Petitioner,

  -against-

Superintendent, Attica Correctional Facility,

                Respondent.
_____X

SUPPLEMENTAL AFFIRMATION
07-CV-3586 (BMC)

STATE OF _____ }
COUNTY OF _____ } SS:

Jerry Bowman makes the following supplemental affirmation under the penalties of perjury:

I am the petitioner in this action and I respectfully submit this supplemental affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because: _____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____

[YOU MAY ATTACH ADDITIONAL PAGES IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & Zip Code