NOT FOR PUBLICATION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 07 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

JERRY BOWMAN,

                Petitioner,

-against-

J. WALSH, Superintendent,

                Respondent.

------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

07-CV-3586 (BMC)

**COGAN**, District Judge.

On June 16, 2007, petitioner, currently incarcerated in the special needs housing unit at Sullivan County Correctional Facility, filed a *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. By Order dated August 28, 2007, petitioner was directed to show cause by affirmation within thirty days, why his petition should not be dismissed as time-barred. Petitioner's affirmation, received September 12, 2007, failed to justify equitable tolling. However, on September 24, 2007, the Court granted petitioner thirty days to file a supplemental affirmation, or until October 24, 2007, and warned petitioner that should he fail to file a supplemental affirmation, the petition would be dismissed as time-barred.

Petitioner failed to respond to the Court's order within the time allowed, the Court dismissed the petition on October 30, 2007, and Judgment was entered on November 1, 2007. Nevertheless, petitioner submitted an affirmation regarding equitable tolling on October 30, 2007 and the submission was entered on the docket on November 2, 2007. Petitioner's submission is liberally construed as a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) since it was

1

submitted within ten days of the entry of Judgment. However, in light of petitioner's pro se status, the Court will not apply the strict standard of Rule 59(e), see Herschaft v. New York City Campaign Finance Bd., 139 F.Supp.2d 282, 283 (E.D.N.Y. 2001), and will consider petitioner's affirmation as if it had been timely filed.

The more liberal standard of review does not save petitioner's action. As the Court explained in its previous Memorandum and Order from September 24, 2007, the limitations period may be equitably tolled if petitioner can demonstrate: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of filing a timely petition. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005); see also Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling is available if petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way) Equitable tolling is appropriate only where a "rare and exceptional circumstance" prevented the petitioner from filing his application on time. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal citations omitted).

Mental illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168-70 (S.D.N.Y. 2000) (discussing physical and mental illness and collecting cases). The Second Circuit has held that "whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case specific." Boos v. Runyon, 201 F.3d 178, 184 (2d Cir. 2000) (finding that mental illness is a ground for equitable tolling in Title VII action). At a minimum, a petitioner has the burden of providing "a particularized description

of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." Id. at 185.

Although it is clear that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), petitioner was afforded two opportunities to provide a basis to equitably toll the AEDPA statute of limitations. In his initial affirmation, petitioner alleged *inter alia* that his mental illness prevented the timely filing of his habeas petition. Since petitioner's affirmation neither alleged nor provided any documentation that during the period of time from his conviction on January 18, 2001 until his deadline for filing a timely habeas petition on February 19, 2002, he was so mentally impaired that he was unable to pursue his rights, the Court afforded petitioner an additional thirty days to submit an affirmation showing that he was unable to pursue his legal rights during the entire period he seeks to toll.

In petitioner's most recent submission, petitioner does not connect his mental illness to the time period he wishes to toll. Instead, petitioner requests that the Court conduct an *in camera* review of his mental health records in order to ascertain if his mental health was so infirm that his compliance with the statute of limitations should be equitably tolled. Affirmation at 2.

Petitioner misses the point. He was obliged to allege not that he has a history of mental illness or that he is presently being treated for mental illness, but that extraordinary circumstances prevented him from filing his petition on time. He must demonstrate a causal relationship between his mental illness and the lateness of his filing. "While mental illness can form the basis of an equitable tolling argument, 'without a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights,' defendant's claim is 'manifestly insufficient' to justify equitable tolling." United

3

States v. Williams, No. 05 Civ. 8165, 2006 WL 2034642, at *3 (S.D.N.Y. July 19, 2006) (quoting Boos, 201 F.3d at 185).

The Court cannot review medical records and make that determination for him, whether by an in camera review or otherwise. Petitioner has to be able to explain his disability well enough, and make his own references to his medical records, to show why it prevented him from timely filing. Petitioner has not provided any information that he was incapacitated during the relevant period nor does he present any other arguments which would alter the Court's conclusions stated in its October 30, 2007 Order.

## CONCLUSION

As petitioner has not alleged any facts sufficient to warrant equitable tolling or relief under Fed.R.Civ.P. 59(e), the motion to reconsider the Court's Order dismissing the petition is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order and Judgment would not be taken in good faith and a certificate of appealability is therefore denied. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 920-21 (1962).

**SO ORDERED.**

/S/
_____
U.S.D.J.

Dated: Brooklyn, New York
November 7, 2007